IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 23-71 (MN) |
| ) | |
| DAVID CROSBY AVANT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington, this 11th day of October 2023;

**I.  BACKGROUND**

Defendant David Crosby-Avant ("Defendant") is charged with one count each of assaulting a federal officer with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (D.I. 2 at 2).  If convicted of the second charge, Defendant faces a mandatory minimum sentence of seven years.  (D.I. 17 at 5).

The government initially moved for pretrial detention on the grounds that Defendant has a risk of nonappearance and is a danger to the community.  (D.I. 6 at 2).  A detention hearing was set for August 25, 2023.  In the leadup to the hearing, the U.S. Probation and Pretrial Services Office ("Probation") issued a pretrial services report ("PSR") recommending that the Defendant be detained because "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community."  (PSR at 11).

At the August 25, 2023 detention hearing, Judge Burke heard proffers from the government and defense counsel and received unsworn testimony from the Defendant's grandmother, his

proposed custodian.[1]  Thereafter, he requested additional information about Defendant's employment history, prior violations of probation and prior failures to appear and continued the hearing until September 5, 2023. (D.I. 18-1 (8/25 hearing) at 74-79). In advance of the continued hearing, Probation issued an addendum to its initial report ("PSR Addendum"), providing the additional information the Court had requested. Probation continued to recommend that Defendant be detained because "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." (PSR Addendum at 3).

At the September 5, 2023 hearing, Judge Burke denied the government's motion for pretrial detention. In doing so, he acknowledged that the "nature and circumstances of the offense charged" and the "weight of the evidence" against the Defendant counseled in favor of detention. (D.I. 18-1 (9/5 hearing) at 13-17). He determined, however, that those factors were sufficiently offset by the "history and characteristics" of the Defendant, including his employment history and character references, and he discounted much of Defendant's earlier criminal history and prior violations of release. (*Id*. at 17-42). On the afternoon of the hearing, the Court issued a written order of release (D.I. 15) and Defendant was released from custody the following day.

The government has now moved for revocation of Judge Burke's order. (D.I. 17). Defendant has filed a response. (D.I. 18). The government and Defendant concur that this Court can decide this motion upon the existing record. (D.I. 17 at 9; D.I. 18 at 2).

II. **LEGAL STANDARD**

A judicial officer must order pretrial detention when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

---

[1] The combined transcript of the August 25, 2023 and September 5, 2023 detention hearings can be found at D.I. 18-1.

other person and the community." 18 U.S.C. § 3142(e)(1) and (g).  When a judicial officer finds probable cause that the defendant violated 18 U.S.C. § 924(c), a rebuttable presumption exists that no condition(s) can assure the defendant's appearance or the safety of others and, therefore, the defendant must be detained.  *Id.* at § 3142(e)(3)(B).  A defendant must produce "some credible evidence" to rebut the presumption in favor of detention.  *U.S. v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1990).  If a defendant does so, to re-establish the presumption and detain the defendant – the goal of the government's current motion – the government must prove either a risk of non-appearance by a preponderance of the evidence or a danger to the community by clear and convincing evidence.[2]  *U.S. v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986); 18 U.S.C. § 3142(f).

When, as here, a magistrate judge finds that the government has not re-established the presumption in favor of detention, this Court must review that decision *de novo*.  *U.S. v. Delker*, 757 F.2d 1390, 1390-94 (3d Cir. 1985).  In doing so, the Court must consider four statutory factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence," or if it involves a firearm; "(2) the weight of the evidence against the victim;" "(3) the history and characteristics of the person;" "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III.  DISCUSSION

Defendant faces a charge of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  Congress has deemed this crime so serious that the charge alone carries a rebuttable presumption of pretrial detention, effectively directing this Court to favor detaining Defendant before trial. 18 U.S.C. § 3142(e)(3)(B).  That being said, there does not seem to be any dispute from the papers before this Court that Defendant presented sufficient

---

[2] The government focuses its motion on Defendant's danger to the community and thus, that is the issue the Court addresses in this order.

evidence to overcome this presumption at the detention hearing(s). Thus, the question before this Court is whether, under the relevant factors, the government has re-established the presumption in favor of detention and can secure a pretrial detention order, by presenting clear and convincing evidence "that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

### A. The Nature and Circumstances of the Offense Charged

The Court agrees with Judge Burke that "the nature and circumstances of the offense charged," including whether it involved violence, a firearm, or both weigh in favor of detention. 18 U.S.C. § 3142(g)(1). The government alleges that Defendant committed an unprovoked, armed assault on a federal law enforcement officer who was conducting surveillance in support of an ongoing drug investigation. (D.I. 17 at 4). The officer was alone in an unmarked SUV, sitting in the rear seat. (*Id.*). Another officer saw the Defendant arrive in the area, seemingly unarmed, and enter a home in the area. (*Id.*). Minutes later, the Defendant emerged wearing a mask and sporting a pronounced bulge in the front pocket of his sweatshirt. (*Id.*). Defendant then walked around the block before approaching the front of the unmarked SUV. (*Id.*). He looked through the windshield, moved to the left rear seat where the officer was sitting and tried to open the door while shouting "get out!" (*Id.*). He then drew a handgun with an extended magazine, which he slammed into the window several times before pointing the gun at officer inside the car. (*Id.* at 4-5). When the officer drew his own firearm and began to exit the vehicle, Defendant fled. (*Id.* at 5).

Just seconds later, Defendant was stopped by another officer. (*Id.*). At the time of the stop, Defendant was on the sidewalk and the officer was in the street, with an SUV between the two of them. (*Id.*). The second officer ordered the Defendant to raise his hands and then heard a metallic thump. (*Id.*). After the Defendant was in custody, officers searched under the SUV near where

4

Defendant had been standing and found a handgun with an extended magazine, matching the gun the first officer had seen. (*Id.*). The handgun was loaded with 24 rounds of ammunition. (*Id.*).

This Court must consider the government's allegations for purposes of pretrial detention. If the government proves these allegations true, Defendant will face a lengthy prison sentence – a mandatory minimum of seven years – and will have been shown to pose a serious threat to community safety. The nature and circumstances of the offense charged therefore strongly favor pretrial detention.

### B. The Weight of the Evidence

As to the "weight of the evidence" offered against Defendant, this Court again agrees that it favors detention. (18 U.S.C. § 3142(g)(1)). The government plans to offer testimony from the officer threatened that Defendant tried to rip open the car door, slammed a gun into the car window, and pointed the gun at that window (and the officer sitting directly behind it) as well as testimony from other law enforcement officers "that a gun matching the one seen by the victim officer [in Defendant's hands] was found just inches from where the Defendant was apprehended." (D.I. 17 at 6). It remains to be seen whether this testimony will establish Defendant's guilt at trial, but the Court finds that this proffered evidence supports a finding of pretrial detention on the grounds of danger to the community.

### C. Defendant's History and Characteristics and the Nature and Seriousness of the Danger of Pretrial Release

Finally, the Court disagrees with Judge Burke's findings that the "the history and characteristics" of Defendant and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release" do not favor detention. 18 U.S.C. § 3142(g)(3), § 3142(g)(4).

Defendant's criminal history is troubling. He has several drug and gun crimes in and near 801 Morrow Street, the site of his most recent alleged crimes. In 2010, Defendant pled guilty to possession of cocaine and marijuana with intent to distribute after a police search of that address (PSR Addendum at 4-5). In 2017, Defendant was convicted of three firearm-related offenses after he accidentally shot his father in the foot, also at a Morrow Street residence. (PSR at 8-9). These offenses show that Defendant is no stranger to engaging in dangerous criminal activity.

Another relevant aspect of the Defendant's "history and characteristics" is his record of noncompliance with court orders. In 2011, while the Defendant was on house arrest in connection with his 2010 drug conviction, he lied to his probation officer about his whereabouts. (D.I. 17 at 7). Then he cut off his ankle monitor and absconded from supervision. (*Id.*). When the Defendant was arrested on separate charges more than three months later, he ran from police and gave a false name in an apparent attempt to continue evading supervision. (*Id.*). Separately, the Defendant has failed to appear for at least three state judicial proceedings: a case review in July 2010, a jury trial in January 2014, and another jury trial in April 2014. (*Id.*). Defendant's history paints the picture of an individual who has little respect for conditions of release and raises clear doubts about whether any court-ordered conditions can mitigate the danger the Defendant poses to the community.

The Defendant's strong community ties and employment history cannot overcome his other (negative) characteristics. There is no indication that Defendant is currently employed. Moreover, despite his community support, Defendant, having previously been convicted of a firearm-related crime, has just been charged with another serious gun crime at the same location. Additionally, and again notwithstanding his community support, Defendant has a history of non-compliance with court-ordered restrictions on his movement, and, in fact, absconded for months while on

location monitoring.  (D.I. 17 at 7).  Given these facts, and the potentially lethal consequences of Defendant committing another gun-related crime while on pretrial release, the Court finds that the government has met its clear and convincing evidentiary burden to prove that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community."  Thus, the government's motion should be granted.

IV.     **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the government's motion for revocation of pretrial release (D.I. 17) is GRANTED.  An order of detention shall issue.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge