IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 23-71 (MN) |
| | ) |
| DAVID CROSBY AVANT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is Defendant David Crosby-Avant's Motion to Stay Pending Appeal ("the Stay Motion"). (D.I. 24). The Court has considered the United States's Opposition (D.I. 25) and Defendant's Reply. (D.I. 27). For the reasons set forth herein, the Court will deny the Stay Motion.

**I.   BACKGROUND**

Defendant David Crosby-Avant ("Defendant") is charged with one count each of assaulting a federal officer with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (D.I. 2 at 2). If convicted of the second charge, Defendant faces a mandatory minimum sentence of seven years. (D.I. 17 at 5).

The government initially moved for pretrial detention on the grounds that Defendant has a risk of nonappearance and is a danger to the community. (D.I. 6 at 2). A detention hearing was set for August 25, 2023. In the leadup to the hearing, the U.S. Probation and Pretrial Services Office ("Probation") issued a pretrial services report ("PSR") recommending that the Defendant be detained because "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." (PSR at 11).

At the August 25, 2023 detention hearing, Judge Burke heard proffers from the government and defense counsel and received unsworn testimony from the Defendant's grandmother, his proposed custodian.[1]  Thereafter, he requested additional information about Defendant's employment history, prior violations of probation and prior failures to appear and continued the hearing until September 5, 2023.  (D.I. 18-1 (8/25 hearing) at 74-79).  In advance of the continued hearing, Probation issued an addendum to its initial report ("PSR Addendum"), providing the additional information the Court had requested.  Probation continued to recommend that Defendant be detained because "[t]here is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community."  (PSR Addendum at 3).

At the September 5, 2023 hearing, Judge Burke denied the government's motion for pretrial detention.  In doing so, he acknowledged that the "nature and circumstances of the offense charged" and the "weight of the evidence" against the Defendant counseled in favor of detention.  (D.I. 18-1 (9/5 hearing) at 13-17).  He determined, however, that those factors were sufficiently offset by the "history and characteristics" of the Defendant, including his employment history and character references, and he discounted much of Defendant's earlier criminal history and prior violations of release.  (*Id.* at 17-42).  On the afternoon of the hearing, the Court issued a written order of release (D.I. 15) and Defendant was released from custody the following day.

The government moved for revocation of Judge Burke's order.  (D.I. 17).  On October 12, after considering the government's motion and Defendant's response (D.I. 18), this Court granted the government's motion (D.I. 21) and issued an Order of Detention (D.I. 22).  Defendant promptly

---

[1]  The combined transcript of the August 25, 2023 and September 5, 2023 detention hearings can be found at D.I. 18-1.

filed a Notice of Appeal (D.I. 23) and the instant Motion to Stay the Order of Detention ("Stay Motion") while the United States Court of Appeals for the Third Circuit reviews this Court's decision to issue the Order of Detention (D.I. 24).  The following day, the government filed a response to the Stay Motion ("Response") (D.I. 25) and Defendant filed a reply to the government's response ("Reply") (D.I. 27).

**II.     LEGAL STANDARD**

The Third Circuit has held that a stay pending appeal is an "extraordinary remedy." *El v. Marino*, 722 F. App'x. 262, 267 (3d Cir. 2018).  In deciding whether to grant this remedy, this Court may need to consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Revel AC, Inc.,* 802 F.3d 558, 568 (3d Cir. 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The Third Circuit considers the first two factors – likelihood of success on the factors and the possibility of irreparable injury – to be the most important ones in this inquiry.  *In re Revel AC, Inc.*, 802 F.3d at 568.  It has therefore directed this Court to first ask: "Did the applicant make a sufficient showing that (a) it can win on the merits . . . and (b) will suffer irreparable harm absent a stay?"  *Id*.  If the applicant has not made either of these showings, "the stay should be denied without further analysis."  *Id* at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300-01 (7th Cir. 1997)).

**III.    DISCUSSION**

Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure requires a party appealing a district court's order to seek a stay pending appeal in the same district court.  In addressing a motion to stay, the Court must determine whether Defendant has sufficiently shown both that his appeal is likely to succeed on the merits and that he will suffer irreparable injury absent a stay.

3

*In re Revel AC, Inc.*, 802 F.3d at 571.  If the Court finds Defendant has failed to make either showing, it should deny Defendant's Stay Motion.  *Id*.

      **A.**      <u>**Likelihood of Success on the Merits**</u>

The Court finds that Defendant has not adequately shown that his appeal is likely to succeed on the merits.  The Defendant must show a chance of success that is "better than negligible but not greater than 50%."  *In re Revel AC, Inc.*, 802 F.3d at 571.  On appeal, the Third Circuit will examine whether this Court's revocation decision properly reached the requisite finding: that the government had shown, by clear and convincing evidence, that no pretrial release condition(s) could guarantee the safety of others or the community.  *U.S. v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986); 18 U.S.C. § 3142(e)(1), (f), (g).

As this Court observed when it issued the Detention Order, and as the Government discussed in its Response to the Stay Motion, Defendant has committed several drug and gun crimes near 801 Morrow Street in Wilmington since 2010, has just been charged with another gun crime near that address, faces a seven-year mandatory minimum sentence if convicted, and has repeatedly evaded law enforcement and court-ordered monitoring.  (D.I. 21 at 5-6; D.I. 25 at 2-3).  Together, these factors indicate a serious risk to community safety.  In connection with the Stay Motion, Defendant lists some positive attributes: strong community connections, legitimate money-making activities, and efforts to gain formal employment and occupational training (D.I. 24 at 1-2; D.I. 27 at 1-2).[2]  None of these upsides to Defendant's character, however, meaningfully

---

[2]    Defendant states that he was offered a position at Goodwill but had to turn the job down because it required him to move around throughout the day, which would not comply with his release conditions.  (D.I. 24 at 1-2).  It appears to be true that that job, which would involve moving around the community, would not comply with his release conditions.  In any event, based on Probation discussions with Goodwill, it is not clear that Defendant was offered a position, there are no available spots in the program and there are multiple people on the waitlist for the program, but Defendant is not one of them.

outweighs the danger that he poses to the community. Thus, this Court remains unconvinced that any conditions can ensure community safety while Defendant is on pretrial release.

Defendant argues that this Court "placed too much emphasis on convictions and allegations of non-compliance from 2010 through 2017." (D.I. 27 at 1). Although several years have passed since Defendant's last conviction, significant evidence exists that he recently brandished an illegally modified handgun, pointing it at a person in a car, without any provocation. (D.I. 17 at 4-5). These allegations suggest that he remains prone to life-threatening criminal behavior.

Defendant also highlights his compliance with the terms of his current pretrial release. (D.I. 27 at 2-3). Although his compliance in recent weeks is encouraging, it pales in comparison to his record of gun crimes, drug crimes, and evasion of law enforcement, and the severe charges he currently faces. This Court therefore finds that Defendant's chances of success on appeal are insufficient to justify a stay from this Court.

### B. Showing of Irreparable Harm

The Court also finds that Defendant has not adequately shown irreparable harm. *In re Revel AC, Inc.*, 802 F.3d at 568. Defendant argues that "in other contexts, the Third Circuit has recognized that unwarranted incarceration constitutes irreparable injury." (D.I. 27 at 3). Yet neither of the Third Circuit cases Defendant cites for this proposition were brought by an individual seeking to remain free while awaiting trial for a violent crime. *See U.S. v. Washington,* 549 F.3d 905 (3d Cir. 2008) (counterfeit currency dealer seeking writ of mandamus); *Reedy v. Borough of Collingswood*, 204 F. App'x. 110 (3d Cir. 2006) (homeowners seeking preliminary injunction to stop municipal code enforcement). These cases do not suggest that pretrial detention might amount to "unwarranted incarceration" for someone in Defendant's position, who has been charged with a crime serious enough that Congress has enacted a presumption of pretrial detention.

The Third Circuit has, however, held that "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *In re Revel AC, Inc.*, 802 F.3d at 571, citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974). The government points out that under Third Circuit rules, it will have just five days to respond once Defendant files his appeal. (D.I. 25 at 3 (citing 3d Cir. L.A.R. 9.1(a))). Defendant filed his appeal on October 13, 2023 and the government's response is due shortly. (D.I. 26; D.I. 25 at 3). This means, as the government notes, that if he were to succeed on appeal, any pretrial detention Defendant would experience would be short. (D.I. 25 at 3). This weighs against a finding of irreparable harm. The short appeal time also minimizes any harm from the immediate removal from the community that Defendant also cites as evidence of irreparable harm. (D.I. 27 at 4). The Court therefore finds that Defendant has not adequately shown irreparable harm flowing from pretrial detention.

### C. Public Interest

Because Defendant has not adequately shown irreparable harm or likely success on the merits, the Court need not consider the possibility of injury to other parties or the public interest, which merge into one factor in criminal cases. *In re Revel AC, Inc.*, 802 F.3d at 571; *Nken v. Holder*, 556 U.S. 418, 436 (2009). The Court does note, however, that Defendant's criminal history and the seriousness of his current charges are strong evidence that detaining Defendant during his appeal will help protect the community and thus serve the public interest.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Stay Motion (D.I. 24) is DENIED. Defendant shall self-surrender to the United States Marshall Service of this district by noon on October 18, 2023.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge