## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 23-71-MN |
| | ) | |
| DAVID CROSBY-AVANT, | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT PROPOSED JURY INSTRUCTIONS

The parties, through undersigned counsel, hereby move the Court to consider the following Joint Proposed Jury Instructions.  The only disagreement for the Court to resolve is noted in footnote 10 on page 23.  Instructions that are contingent on future events are italicized.  The parties reserve the right to request modifications to the instructions or request additional instructions necessitated by the evidence.

Respectfully submitted,

DAVID C. WEISS
United States Attorney

By:  Benjamin L. Wallace
Carly A. Hudson
Assistant United States Attorneys


/s/ Conor Wilson
Conor Wilson
Janet Bateman
Counsel for Defendant


Dated:  February 7, 2024

# TABLE OF CONTENTS

**PRELIMINARY INSTRUCTIONS** ......................................................**3**

Role of the Jury ............................................................................ 3

Conduct of the Jury ...................................................................... 5

Bench (Side-Bar) Conferences ..................................................... 9

Note Taking by Jurors ................................................................ 10

Questions by Jurors .................................................................... 12

Description of Trial Proceedings ................................................ 13

Evidence ...................................................................................... 15

Direct and Circumstantial Evidence .......................................... 19

Credibility of Witnesses ............................................................. 21

Nature of the Indictment ............................................................ 23

Elements of the Offenses Charged ............................................. 24

Presumption of Innocence; Burden of Proof; Reasonable Doubt ... 27

**FINAL INSTRUCTIONS** ...............................................................**29**

Presumption of Innocence; Burden of Proof; Reasonable Doubt ... 29

Credibility of Witnesses - Law Enforcement Officer ................. 32

Opinion Evidence (Expert Witnesses) ....................................... 33

DNA Evidence ............................................................................ 34

Audio/Video Recordings – Transcripts ...................................... 35

*Summaries – Underlying Evidence Not Admitted* ...................... 36

*Stipulations of Fact* .................................................................... 37

*Defendant's Choice not to Testify or Present Evidence* ............. 38

*Defendant's Testimony* ............................................................... 39

*Impeachment of Defendant – Prior Inconsistent Statement* ........ 40

*Impeachment of Defendant - Prior Conviction* ........................... 41

Count I – Forcibly Assaulting, Resisting, Opposing, Impeding, Intimidating, or Interfering with a Federal Officer Using a Deadly or Dangerous Weapon ................................................................... 42

    Count I – "Forcible Assault" Defined ..................................... 44

    Count I – "Federal Officer" and "Official Duties" ................. 45

    Count I – Required Mental State ............................................ 46

    Count I – "Deadly or Dangerous Weapon" and "Use" Thereof ... 47

Count II – Using a Firearm During a Crime of Violence ............. 48

    Count II – "Firearm" Defined ................................................. 49

    Count II – "Use" of a Firearm Defined .................................. 50

    Count II – "During and In Relation To" Defined ................... 51

    Count II – Brandishing a Firearm During a Crime of Violence ... 52

Deliberations ................................................................................ 53

Verdict Form ............................................................................... 57

## PRELIMINARY INSTRUCTIONS

### Role of the Jury

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence

or about what your verdict should be.  My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender.[1]

---

[1]    Model Criminal Jury Instructions, 3d Circuit, § 1.02.  Unless otherwise noted, any alteration to the model instructions was made by the Court in the most recent federal criminal case tried in this District, *United States v. George Griffin*, 23-33-RGA, Dkt. 77 (preliminary instructions), 79 (final instructions).

## Conduct of the Jury

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury. This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom. Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors. You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end. I'll now walk through some specific examples of what this means.

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the entire trial. During trial you may talk with your fellow jurors about anything

else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking

should be influenced only by what you learn in the courtroom.

(6) During the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. You must not visit the scene or conduct experiments. Also, just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not search the internet or any other electronic resources for information about this case or the witnesses or parties involved in it. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

(7) You must not communicate about the case with anyone, including your family and friends, until deliberations, when you will discuss the case with only other jurors. During deliberations, you must continue not to communicate about the case with anyone else. Many of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms. To remain impartial jurors, however, you must not communicate with

anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps.

You must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

(8) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.[2]

---

[2]    Model Criminal Jury Instructions, 3d Circuit, § 1.03.

## Bench (Side-Bar) Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing.  That is called a bench or side-bar conference.  If that happens, please be patient.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.[3]

---

[3]     Model Criminal Jury Instructions, 3d Circuit, § 1.04.

## Note Taking by Jurors

At the end of the trial you must make your decision based on what you remember of the evidence.  You will not have a written transcript of the testimony to review.  You must pay close attention to the testimony as it is given.

   If you wish, you may take notes to help you remember what witnesses said.  My courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case.  Here are some other specific points to keep in mind about note taking:

   (1)  Note-taking is permitted, but it is not required.

   (2)  Please make sure that note-taking does not distract you from your tasks as jurors.  You must listen to all the testimony of each witness.  You also need to decide whether and how much to believe each witness.  That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking

10

that he or she will miss the opportunity to make important observations.

(3)  Your notes are memory aids; they are not evidence.

(4)  In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each juror's independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)  You should not take your notes away from court.  At the end of the day, leave them in the jury room.  My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.[4]

---

[4]  Model Criminal Jury Instructions, 3d Circuit, § 1.05.

11

## Questions by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.[5]

---

[5] Model Criminal Jury Instructions, 3d Circuit, § 1.06.

## Description of Trial Proceedings

The trial will proceed in the following manner:

*First*:   The lawyers will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case.  Mr. Crosby-Avant's lawyer may make an opening statement after the prosecutor's opening statement or Mr. Crosby-Avant may postpone the making of an opening statement until after the government finishes presenting its evidence.  Mr. Crosby-Avant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

*Second*:  After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and Mr. Crosby-Avant's lawyer may cross-examine those witnesses.

*Third*:   After the government has presented its evidence, Mr. Crosby-Avant may present evidence, but he is not required to do so.  As I will tell you many times during this trial, the government always has the

burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  Mr. Crosby-Avant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

*Fourth*:  After you have heard all the evidence, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial.

*Fifth*:  After I have instructed you on the law, the lawyers will present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence.

*Sixth*:  After closing arguments, you will retire to consider your verdict.  Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.[6]

---

[6]     Model Criminal Jury Instructions, 3d Circuit, § 1.07.

## Evidence

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Anything to which the parties have agreed.

The following are not evidence:

(1) Statements and arguments of the lawyers;

(2) Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying;

15

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other

evidence that I told you to disregard.[7]

---

[7]     Model Criminal Jury Instructions, 3d Circuit, § 1.08.

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses— something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet

umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining.  You would not have to find that it was raining, but you could.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.[8]

---

[8]    Model Criminal Jury Instructions, 3d Circuit, § 1.09.

## Credibility of Witnesses

In deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness's testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect

of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail.  You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.[9]

---

[9]      Model Criminal Jury Instructions, 3d Circuit, § 1.10.

## Nature of the Indictment

The government has charged the defendant, David Crosby-Avant, with violating federal law, specifically one count of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer using a deadly or dangerous weapon,[10] and one count of using a firearm during and in relation to a crime of violence. The charges against Mr. Crosby-Avant are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Crosby-Avant has been indicted in making your decision in this case.[11]

---

[10]   Throughout the jury instructions, Mr. Crosby-Avant proposes shortening the description of this offense by removing some or all of the verbs that appear after "assaulting." The government opposes on the ground that, as the statutory text makes clear, the jury can convict Mr. Crosby-Avant if he committed any of the six prohibited actions: "forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with" TFO Linus. 18 U.S.C. § 111(a)(1).

[11]   Model Criminal Jury Instructions, 3d Circuit, § 1.11.

## Elements of the Offenses Charged

In Count I of the indictment, Mr. Crosby-Avant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer using a deadly or dangerous weapon. To help you follow the evidence, I will now give you a brief summary of the elements of that offense, each of which the government must prove beyond a reasonable doubt in order to convict Mr. Crosby-Avant of the offense. The elements are:

*First:* That Mr. Crosby-Avant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer;

*Second:* That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty or on account of the performance of his official duty;

*Third:* That Mr. Crosby-Avant did such acts intentionally; and

*Fourth:* That in doing such acts, Mr. Crosby-Avant used a deadly or dangerous weapon.[12]

---

[12]    The Third Circuit does not have a model instruction for this offense. This proposed instruction is based on the Fifth and Eighth Circuits' model instructions, which are worded differently but are substantively

In Count II of the indictment, Mr. Crosby-Avant is also charged with using a firearm during and in relation to a crime of violence.  The elements of that offense are:

*First,* that Mr. Crosby-Avant committed the crime charged in Count I of the indictment; and

*Second*, that during and in relation to the commission of that crime, Mr. Crosby-Avant knowingly used a firearm; and

*Third,* that Mr. Crosby-Avant used the firearm during and in relation to the crime charged in Count I of the indictment.[13]

What I have just told you is only a preliminary outline of the elements of the offenses charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you

---

similar.  *See* Pattern Jury Instructions (Criminal Cases), 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111.

[13]    Model Criminal Jury Instructions, 3d Circuit, § 6.18.924B.  The Third Circuit's definitions of terms within the elements are reflected in the Final Jury Instructions.

in reaching your verdict in this case.[14]

---

[14]     The introduction and conclusion paragraphs of this proposed instruction are drawn from Model Criminal Jury Instructions, 3d Circuit, § 1.12.

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

Mr. Crosby-Avant has pleaded not guilty to the offenses charged. He is presumed to be innocent.  He starts the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Crosby-Avant unless and until the government presents evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Mr. Crosby-Avant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt. The presumption of innocence means that Mr. Crosby-Avant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Crosby-Avant is guilty, and this burden stays with the government throughout the trial.

In order for you to find Mr. Crosby-Avant guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only

27

on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved Mr. Crosby-Avant guilty beyond a reasonable doubt, you should return a verdict of guilty.  However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.[15]

---

[15]     Model Criminal Jury Instructions, 3d Circuit, § 1.13.

## FINAL INSTRUCTIONS

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, David Crosby-Avant, pleaded not guilty to the offenses charged.  Mr. Crosby-Avant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Crosby-Avant unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Crosby-Avant is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Crosby-Avant not guilty, unless you are satisfied that the government has proven guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Crosby-Avant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Crosby-Avant is guilty, and this burden stays with the government throughout the trial.

In order for you to find Mr. Crosby-Avant guilty of the offenses charged, the government must convince you that Mr. Crosby-Avant is

29

guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the

elements of the offense charged, then you must return a verdict of not guilty of that offense.[16]

---

[16]     Model Criminal Jury Instructions, 3d Circuit, § 3.06.

**Credibility of Witnesses - Law Enforcement Officer**

You have heard the testimony of several law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.[17]

---

[17]     Model Criminal Jury Instructions, 3d Circuit, § 4.18.

## Opinion Evidence (Expert Witnesses)

In this case, you heard testimony from Jessica Van Dyke.  Because of her knowledge, skill, experience, training, or education in her field, she was permitted to offer opinions in that field and the reasons for her opinions.

The opinions Ms. Van Dyke stated should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.[18]

---

[18]    Model Criminal Jury Instructions, 3d Circuit, § 4.08.

33

## DNA Evidence

When the identity of the person who committed a crime is in question, the parties may introduce DNA evidence to try to prove who committed the crime. To do this, a party may present a "known" sample of a person's DNA, one that is proved or admitted to come from that person. This known DNA sample is then compared with any DNA being introduced to prove who committed the crime. In this case the "known" sample is the DNA swabs taken from the defendant, David Crosby-Avant, and the "disputed" evidence is the DNA swabs taken from the gun recovered from the 800 block of Morrow Street on June 22, 2023.

In this case, you also heard the testimony of FBI Forensic Examiner Jessica Van Dyke, a witness who claims special qualification in the field of DNA analysis. The witness was allowed to express an opinion in order to help you decide whether the DNA connected to the crime in question is Mr. Crosby-Avant's DNA. You may therefore consider the witness's opinion in reaching your independent decision on this issue.[19]

---

[19]     Model Criminal Jury Instructions, 3d Circuit, § 4.13

## Audio/Video Recordings – Transcripts

You have heard an audio recording of a phone call that Mr. Crosby-Avant placed, and you were given a written transcript of the recording. *You have also seen a video recording of a conversation that Mr. Crosby-Avant had with one of the law-enforcement witnesses, and you were given a written transcript of that recording as well.*

*In each case*, keep in mind that the transcript is not evidence. It was given to you only as a guide to help you follow what was being said. The recording itself is the evidence. If you noticed any differences between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recording you must ignore the transcript as far as those parts are concerned.

The transcript names the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.[20]

---

[20]    Model Criminal Jury Instructions, 3d Circuit, § 4.06.

### *Summaries – Underlying Evidence Not Admitted*

*Certain charts and summaries offered by the government were admitted as evidence. You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.*[21]

---

[21]     Model Criminal Jury Instructions, 3d Circuit, § 4.11.

### *Stipulations of Fact*

*The government and Mr. Crosby-Avant have agreed that the following facts are true:*

*[Insert text of any stipulations introduced at trial]*

*Because of the parties' agreement, you should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.*[22]

---

[22]   Model Criminal Jury Instructions, 3d Circuit, § 4.02

### *Defendant's Choice not to Testify or Present Evidence*

Mr. Crosby-Avant [did not testify/did not present evidence] in this case. A defendant has an absolute constitutional right [not to testify/not to present evidence]. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Crosby-Avant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Crosby-Avant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.[23]

---

[23]   Model Criminal Jury Instructions, 3d Circuit, § 4.27.

### *Defendant's Testimony*

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Mr. Crosby-Avant testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.[24]

---

[24]     Model Criminal Jury Instructions, 3d Circuit, § 4.28.

### *Impeachment of Defendant – Prior Inconsistent Statement*

*You will recall that Mr. Crosby-Avant testified during the trial on his own behalf. You will also recall that there was evidence that Mr. Crosby-Avant made a statement to one of the law-enforcement witnesses before trial. Mr. Crosby-Avant [admitted/denied] making this earlier statement. Mr. Crosby-Avant's earlier statement was brought to your attention only to help you decide if you believe what he testified to here in court. If you find that Mr. Crosby-Avant once said something different, then you should consider that in deciding if what he said here in court was true. You must not, however, consider the earlier statement as evidence of Mr. Crosby-Avant's guilt. The government must use other evidence to prove, beyond a reasonable doubt, that Mr. Crosby-Avant committed the crime.*[25]

---

[25]   Model Criminal Jury Instructions, 3d Circuit, § 4.37.

### *Impeachment of Defendant - Prior Conviction*

*You heard evidence that Mr. Crosby-Avant was previously convicted of a felony under Delaware law.  You may consider evidence of his previous conviction only to decide whether to believe his testimony and how much weight to give it.  That evidence does not mean that Mr. Crosby-Avant committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.*[26]

---

[26]    Model Criminal Jury Instructions, 3d Circuit, § 4.36.

## Count I – Forcibly Assaulting, Resisting, Opposing, Impeding, Intimidating, or Interfering with a Federal Officer Using a Deadly or Dangerous Weapon

Count I of the indictment charges Mr. Crosby-Avant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer using a deadly or dangerous weapon, which is a violation of federal law.

In order to find Mr. Crosby-Avant guilty of that offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First:* That Mr. Crosby-Avant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer;

*Second:* That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty or on account of the performance of his official duty;

*Third:* That Mr. Crosby-Avant did such acts intentionally; and

*Fourth:* That in doing such acts, Mr. Crosby-Avant used a deadly or dangerous weapon.[27]

---

[27]   As noted above, the Third Circuit does not have a model instruction for this offense. This proposed instruction is based on the Fifth and Eighth Circuits' model instructions, which are worded differently but are substantively the same. *See* Pattern Jury Instructions (Criminal Cases), 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111.

## Count I – "Forcible Assault" Defined

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so.  This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out.[28]

---

[28] *See* Model Criminal Jury Instructions, 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111.

## Count I – "Federal Officer" and "Official Duties"

You are instructed that a Task Force Officer of the Federal Bureau of Investigation is a federal officer, and that it is part of the official duty of such an officer to investigate violations of federal law, including federal drug laws.[29]

---

[29]   *See* Model Criminal Jury Instructions, 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111 n.2.  *See also United States v. Torres*, 862 F.2d 1025, 1030 (3d Cir. 1988), *overruled on other grounds by United States v. Casiano*, 113 F.3d 420 (3d Cir. 1997) (holding that a Philadelphia police officer was a "federal officer" for purposes of § 111 because he "was assigned to [a] DEA Task Force"); *United States v. Luna*, 649 F.3d 91, 102 (1st Cir. 2011) (holding that "a local police officer who had been deputized as a member of [an FBI] Task Force . . . was a 'federal officer' for section 111 purposes").

## Count I – Required Mental State

It is not necessary to prove Mr. Crosby-Avant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person was, in fact, a federal officer carrying out an official duty and Mr. Crosby-Avant intentionally and forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that person.[30]

---

[30]     *See* Model Criminal Jury Instructions, 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111 n.4.  *See also United States v. Feola*, 420 U.S. 671, 684 (1975) (Section 111 "cannot be construed as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer.").

## Count I – "Deadly or Dangerous Weapon" and "Use" Thereof

The term "deadly or dangerous weapon" means any object capable of inflicting death or bodily injury.  For such a weapon to have been "used," the government must prove not only that Mr. Crosby-Avant possessed the weapon but also that Mr. Crosby-Avant intentionally displayed it while intentionally and forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the victim.[31]

---

[31]    *See* Model Criminal Jury Instructions, 5th Circuit, § 2.07; Model Criminal Jury Instructions, 8th Circuit, § 6.18.111.

### Count II – Using a Firearm During a Crime of Violence

Count II of the indictment charges Mr. Crosby-Avant with using a firearm during and in relation to a crime of violence, which is a violation of federal law.  The offense charged in Count I of the indictment is a crime of violence.[32]

In order to find Mr. Crosby-Avant guilty of the offense charged in Count II of the indictment, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First,* that Mr. Crosby-Avant committed the crime charged in Count I of the indictment; and

*Second*, that during and in relation to the commission of that crime, Mr. Crosby-Avant knowingly used a firearm.

*Third*, that Mr. Crosby-Avant used the firearm during and in relation to the crime charged in Count I of the indictment.[33]

---

[32]   *See United States v. Bullock*, 970 F.3d 210, 217 (3d Cir. 2020) (holding that a violation of 18 U.S.C. § 111(b) is "categorically a crime of violence").

[33]   *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.924B.

## Count II – "Firearm" Defined

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.[34]

---

[34]     *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.922A-2.

## Count II – "Use" of a Firearm Defined

"Use" of a firearm means more than mere possession of a firearm by a person who commits a crime.  To establish "use," the government must show active employment of the firearm.  If Mr. Crosby-Avant did not either disclose or mention the firearm or actively employ it, Mr. Crosby-Avant did not "use" the firearm.[35]

---

[35] *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.924B.

## Count II – "During and In Relation To" Defined

"During and in relation to" means that the firearm must have had some purpose or effect with respect to the crime charged in Count I of the indictment.  The firearm must have at least facilitated, or had the potential of facilitating, the crime charged in Count I.

In determining whether Mr. Crosby-Avant used a firearm in relation to the crime charged in Count I of the indictment, you may consider all of the factors received in evidence in the case including the nature of the underlying crime, how close Mr. Crosby-Avant was to the firearm in question, the usefulness of the firearm to the underlying crime, and the circumstances surrounding the presence of the firearm.

The government must prove beyond a reasonable doubt that the firearm was in Mr. Crosby-Avant's possession or under his control at the time that the crime charged in Count I of the indictment was committed and that the firearm facilitated, or had the potential of facilitating, the crime charged in Count I.[36]

---

[36]   *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.924B.

**Count II – Brandishing a Firearm During a Crime of Violence**

If you find Mr. Crosby-Avant guilty of the offense charged in Count II of the indictment, you will be asked to answer one additional question—namely, whether Mr. Crosby-Avant used the firearm by "brandishing" it.  For these purposes, the term "brandish" means to display all of part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.[37]

---

[37]   *See* Model Criminal Jury Instructions, 3rd Circuit, § 6.18.924B, Comments.

## Deliberations

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

*First*: By custom of this Court, juror #1 is the jury foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

*Second*: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Mr. Crosby-Avant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find Mr. Crosby-Avant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

*Third*: If you decide that the government has proved Mr. Crosby-Avant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the

53

possible punishment in reaching your verdict.

*Fourth*: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

*Fifth*: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in

good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved Mr. Crosby-Avant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

*Sixth*: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service;

or any internet chat room, blog, or website to communicate to anyone any information about this case or to conduct any research about this case.

*Seventh*: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.[38]

---

[38]    Model Criminal Jury Instructions, 3d Circuit, § 3.16.

## Verdict Form

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant, David Crosby-Avant, guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved Mr. Crosby-Avant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[39]

---

[39]   Model Criminal Jury Instructions, 3d Circuit, § 3.17.