IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 23-71 (MN) |
| ) | |
| DAVID CROSBY-AVANT, ) | |
| ) | |
| Defendant. ) | |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | ROLE OF THE JURY | 2 |
| II. | CONDUCT OF THE JURY | 3 |
| III. | BENCH (SIDE-BAR) CONFERENCES | 5 |
| IV. | NOTE TAKING BY JURORS | 5 |
| V. | QUESTIONS BY JURORS | 7 |
| VI. | DESCRIPTION OF TRIAL PROCEEDINGS | 7 |
| VII. | EVIDENCE | 8 |
| VIII. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 10 |
| IX. | CREDIBILITY OF WITNESSES | 11 |
| X. | NATURE OF THE INDICTMENT | 12 |
| XI. | ELEMENTS OF THE OFFENSES CHARGED | 13 |
| XII. | PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT | 14 |

**I.      ROLE OF THE JURY**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

## II.  CONDUCT OF THE JURY

The Sixth Amendment of our Constitution guarantees a trial by an impartial jury.  This means that, as jurors, you must decide this case based solely on the evidence and law presented to you here in this courtroom.  Until all the evidence and arguments have been presented and you begin to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you start to deliberate, you may discuss the case, the evidence, and the law as it has been presented, but only with your fellow jurors.  You cannot discuss it with anyone else until you have returned a verdict and the case has come to an end.  I'll now walk through some specific examples of what this means.

1. Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

2. Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

3. During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

4. Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.  It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone should try to talk to you about the

case during the trial, please report that to me, through my courtroom deputy, immediately.  Do not discuss this situation with any other juror.

      5.      Do not discuss the case with anyone outside the courtroom or at home, including your family and friends.  You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.  However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it.  The reason for this is that sometimes someone else's thoughts can influence you.  Your thinking should be influenced only by what you learn in the courtroom.

      6.      During the trial, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case.  You must not visit the scene or conduct experiments.  Also, just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, or television news or entertainment programs), you also must not search the internet or any other electronic resources for information about this case or the witnesses or parties involved in it.  The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with instructions on the law that I will provide.

      7.      You must not communicate about the case with anyone, including your family and friends, until deliberations, when you will discuss the case with only other jurors.  During deliberations, you must continue not to communicate about the case with anyone else.  Many of us use smartphones, tablets, or computers in our daily lives to access the internet, for information, and to participate in social media platforms.  To remain impartial jurors, however, you must not communicate with anyone about this case, whether in person, in writing, or through email, text messaging, blogs, or social media websites and apps.

You must inform me immediately if you learn about or share any information about the case outside of this courtroom, even if by accident, or if you discover that another juror has done so.

8. Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

### III. BENCH (SIDE-BAR) CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference. If that happens, please be patient.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

### IV. NOTE TAKING BY JURORS

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself

until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, but it is not required.

2. Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

3. Your notes are memory aids; they are not evidence.

4. In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court. It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly. Notes are not entitled to any greater weight than each juror's independent memory of the evidence. You should rely on your individual and collective memories when you deliberate and reach your verdict.

5. You should not take your notes away from court. At the end of the day, leave them in the jury room. My staff is responsible for making sure that no one looks at your notes. Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

### V.      QUESTIONS BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

### VI.      DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

*First*:   The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. Mr. Crosby-Avant's lawyer may make an opening statement after the prosecutor's opening statement or Mr. Crosby-Avant may postpone the making of an opening statement until after the government finishes presenting its evidence. Mr. Crosby-Avant is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

*Second*:   After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and Mr. Crosby-Avant's lawyer may cross-examine those witnesses.

*Third*:   After the government has presented its evidence, Mr. Crosby-Avant may present evidence, but he is not required to do so. As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt. Mr. Crosby-Avant is presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

*Fourth*:  After you have heard all the evidence, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial.

*Fifth*:  After I have instructed you on the law, the lawyers will present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence.

*Sixth*:  After closing arguments, you will retire to consider your verdict.  Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.

## VII.   EVIDENCE

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits; and

3. Anything to which the parties have agreed.

The following are not evidence:

1. Statements and arguments of the lawyers;

2. Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means

by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying;

      3.      Objections by lawyers, including objections in which the lawyers state facts;

      4.      Any testimony I strike or tell you to disregard; and

      5.      Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the

exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

### VIII. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining. On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella,

that testimony would be circumstantial evidence from which you could reasonably infer that it was raining. You would not have to find that it was raining, but you could.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

## IX. CREDIBILITY OF WITNESSES

In deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

## X. NATURE OF THE INDICTMENT

The government has charged the defendant, David Crosby-Avant, with violating federal law, specifically one count of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer using a deadly or dangerous weapon, and one count of using a firearm during and in relation to a crime of violence. The charges against Mr. Crosby-Avant are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Crosby-Avant has been indicted in making your decision in this case.

## XI. ELEMENTS OF THE OFFENSES CHARGED

In Count I of the indictment, Mr. Crosby-Avant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer using a deadly or dangerous weapon. To help you follow the evidence, I will now give you a brief summary of the elements of that offense, each of which the government must prove beyond a reasonable doubt in order to convict Mr. Crosby-Avant of the offense. The elements are:

*First:* That Mr. Crosby-Avant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer;

*Second:* That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty or on account of the performance of his official duty;

*Third:* That Mr. Crosby-Avant did such acts intentionally; and

*Fourth:* That in doing such acts, Mr. Crosby-Avant used a deadly or dangerous weapon.

In Count II of the indictment, Mr. Crosby-Avant is also charged with using a firearm during and in relation to a crime of violence. The elements of that offense are:

*First,* that Mr. Crosby-Avant committed the crime charged in Count I of the indictment; and

*Second*, that during and in relation to the commission of that crime, Mr. Crosby-Avant knowingly used a firearm; and

*Third,* that Mr. Crosby-Avant used the firearm during and in relation to the crime charged in Count I of the indictment.

What I have just told you is only a preliminary outline of the elements of the offenses charged. At the end of trial, I will give you final instructions on the elements of the offenses

charged and on other matters of law. Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

### XII. PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

Mr. Crosby-Avant has pleaded not guilty to the offenses charged. He is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Crosby-Avant unless and until the government presents evidence that overcomes that presumption by convincing you that he is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Mr. Crosby-Avant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt. The presumption of innocence means that Mr. Crosby-Avant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Mr. Crosby-Avant is guilty, and this burden stays with the government throughout the trial.

In order for you to find Mr. Crosby-Avant guilty of the offenses charged, the government must convince you that he is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or

experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved Mr. Crosby-Avant guilty beyond a reasonable doubt, you should return a verdict of guilty.  However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.